**TENNESSEAN TRUCKSTOP, INC.**

v.

**MAPCO PETROLEUM, INC.**

No. 1:89–0016.

United States District Court,
M.D. Tennessee,
Columbia Division.

Jan. 22, 1990.

Walter W. Bussart, Bussart & Doughty, Lewisburg, Tenn., C. Dale Allen, Bussart & Doughty, Nashville, Tenn., for plaintiff.

Frank C. Gorrell, Bennett L. Ross, Richard Lodge, Bass, Berry & Sims, Nashville, Tenn., for defendant.

Douglas E. Jones, Nashville, Tenn., for intervenor amicas curiae.

MEMORANDUM

WISEMAN, Chief Judge.

This case involves the interpretation of a provision of the Tennessee Petroleum Trade Practices Act (TPTPA), Tenn. Code Ann. § 47–25–601 et seq. The matter is before the Court on cross-motions for summary judgment. The Court has heard oral argument on the motions and for the reasons stated below, now grants the motion for summary judgment by defendant Mapco Petroleum, Inc. (MAPCO).

Plaintiff Tennessean Truckstop, Inc. (TTI) is an independently owned truckstop located at the intersection of Cornersville Road and Interstate 65 in Giles County, Tennessee. MAPCO is a medium-sized pe-

troleum company which operates a "Delta Express" truckstop at the same location. MAPCO also refines and distributes petroleum products. TTI and MAPCO operate the only truckstops at this particular intersection. During the time in question, MAPCO's truckstop consistently sold diesel fuel at several cents per gallon less than TTI. Truckstops at other locations within 200 miles of the intersection, however, sold diesel at the same price as or lower than MAPCO.

TTI claims that MAPCO has violated the TPTPA by making retail sales at the Delta Express truckstop at prices below MAPCO's cost for the fuel in violation of § 47–25–611(a)(1) of the Act. MAPCO seeks summary judgment based on Tenn. Code Ann. § 47–25–611(h), which provides that a retailer may sell fuel at below cost if the sales "are made in good faith to compete with the equally low or lower retail price of a competitor." TTI argues that MAPCO is not entitled to the good faith defense and also seeks summary judgment. MAPCO does not contest, for the purposes of the cross-motions, that it was selling fuel below cost.

There do not appear to be any cases interpreting the good faith defense to the Tennessee Petroleum Trade Practices Act. Both parties have relied in part on the federal Robinson–Patman Act in interpreting § 47–25–611(h). Specifically, MAPCO cites *Kerr v. Hackney Petroleum Tennesco, Inc.,* 775 S.W.2d 600 (Tenn.Ct.App. 1988), where the Tennessee Court of Appeals looked to the Robinson–Patman Act to interpret the price discrimination provisions of the TPTPA. It is true that both the Robinson–Patman Act and a portion of the TPTPA are aimed at preventing price discrimination. The below-cost prohibition of § 47–25–611, however, is separate from the price discrimination provisions of the TPTPA, which are found in Tenn.Code Ann. § 47–25–623. In fact, the below-cost and price discrimination sections of the Tennessee Act contain separate good faith defense subsections. Therefore, reliance upon the Robinson–Patman Act in considering the TPTPA's good faith defense to the Act's below-cost selling provisions should be limited.

■ In order to decide whether MAPCO is entitled to the good faith defense of § 47–25–611(h), the Court must determine the relevant market within which MAPCO may fairly be said to compete. Through an affidavit submitted by the principal owner of the Tennessee Truckstop, H. Van Westerop, TTI argues that the only relevant market is the I–65/Cornersville Road intersection. Westerop states that any competition from other fuel stops along the same trucking routes as this intersection is only "peripheral." TTI's position, however, ignores the commercial realities of the truckstop competitive market.

In *Brown Shoe Co. v. United States,* 370 U.S. 294, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962), the Supreme Court established that courts considering the relevant market in anti-trust cases must select markets which " 'correspond to the commercial realities' of the industry." *Id.* at 336, 82 S.Ct. at 1530 (quoting *American Crystal Sugar Co. v. Cuban–American Sugar Co.,* 152 F.Supp. 387, 398 (S.D.N.Y.1957), *aff'd* 259 F.2d 524 (2d Cir.1958)). *See also JBL Enterprises, Inc. v. Jhirmack Enterprises, Inc.,* 698 F.2d 1011, 1016 (9th Cir.1983). Thus the relevant field of competition for this case must be based upon the commercial realities of the truckstop industry. The geographic market area for the truckstops at the intersection in this case extends up to 200 miles in either direction along the connecting interstates. MAPCO has submitted evidence in the form of affidavits and deposition testimony which indicates that truckstops compete with other stations within this range. John Stroh, an attorney for Marathon Oil, testified that his company routinely surveys the price of diesel fuel available at truckstops many miles away from the location of their retail outlets. TTI's position that the only relevant geographic market is the intersection of I–65 and Cornersville Road is commercially unrealistic. A trucker travelling along the interstate system is not limited in his or her truckstop selection to a single intersection. In a span of two hours a truck driver will

cover over 100 miles of road and multiple intersections from which he or she may choose a place to refuel.

There is an important limitation which must be placed on the particular types of truckstops that can fairly be considered a part of the relevant market of competition for the purposes of this lawsuit between MAPCO and TTI. Both MAPCO and TTI are "independent" fuel retailers; they are not retail outlets for one of the major petroleum companies in this country (Exxon, Shell, etc.). The competition between the parties in this case, then, is competition among independent fuel retailers. Accordingly, the commercial reality of this case is that the relevant market of competition is that of independent truckstops within 200 miles of the intersection of Cornersville Road and I–65.

■■■ TTI has attempted to introduce evidence of MAPCO's company policy of pricing its fuel one to three cents below the retail price advertised by the "majors." MAPCO's pricing policies with respect to the major petroleum producers, however, is not at issue here. Evidence of any such pricing policies, therefore, does not rebut MAPCO's position that it is entitled to the statutory good faith competition defense because it set its prices in response to their relevant competition. MAPCO has offered competent proof that they are pricing in order to meet their relevant competition— other independents within a 200–mile radius. TTI has introduced no relevant probative evidence to rebut MAPCO's position. MAPCO is therefore entitled to the good faith defense of Tenn.Code Ann. § 47–25–611(h).

The Supreme Court has held that even when a case involves an issue of intent, the party opposing a motion for summary judgment must produce evidence which would prevent the issuance of a directed verdict if the case were to proceed to trial. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the relevant competitive market is properly identified in this case, it becomes obvious that TTI has failed to meet its burden. Accordingly, defendant MAPCO's

motion for summary judgment shall be granted and plaintiff TTI's motion for summary judgment shall be denied.